# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HORACE W. CRUMP, JR.,

        Plaintiff,                        Case Number: 09-14323

v.                                          VICTORIA A. ROBERTS
                                             UNITED STATES DISTRICT COURT

AMY BEST, et al.,

                                             VIRGINIA M. MORGAN
        Defendants.                 UNITED STATES MAGISTRATE JUDGE

_____ /

## REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER (DOC. NO. 3)

In this *pro se* prisoner civil rights action, Plaintiff Horace W. Crump, Jr. seeks declaratory and injunctive relief for prison officials' violations of the First, Eighth and Fourteenth Amendments of the United States Constitution, the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. 2000cc, ("RLUIPA") and state tort laws. Presently before the court is Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order. (Doc. No. 3). The motion has been fully briefed. For the reasons stated below, the court recommends that Plaintiff's motion for a preliminary injunction and a temporary restraining order be **DENIED**.

## I. Background

On November 3, 2009, Plaintiff filed suit in this court, alleging that various prison officials at the Saginaw Correctional Facility had violated the constitution and RLUIPA and committed torts against him. (Doc. No. 1). Plaintiff's complaint centers on three incidents.

In the first, Plaintiff alleges that Defendant Amy Best, an Assistant Resident Unit Supervisor

1

at the prison, caused Plaintiff physical, mental, and emotional injuries by forcing Plaintiff to remain in an undesirable bunking situation, which violated MDOC policy and prevent him from practicing his religion. (Compl. p. 3(v)). Plaintiff further alleges that ARUS Best retaliated against him for requesting a bunk change by filing false misconduct charges, which resulted in Plaintiff being placed in segregation and an increase in his security level. (*Id.*). Plaintiff asserts that he was not able to access his legal property while he was in segregation. (Compl. p. 3(i)). As a result of his security increase, Plaintiff's religious property was confiscated. (Compl. p. 3(j)).

In the second incident, Plaintiff alleges prison officials failed to process his legal mail. (*Id.*) Plaintiff avers that his attorney did not receive a legal brief Plaintiff mailed to him from prison. (Compl. p. 3(k)). From this letter, Plaintiff concludes that prison officials did not process his legal mail. (*Id.*).

Thirdly, Plaintiff alleges that prison officials prevented him from properly fasting during Ramadan. (Compl p. 3(x)). Plaintiff claims that he was denied use of the microwave and access to hot water, both of which were necessary to prepare his food during Ramadan. (Compl. p. 3(m)-3(o)).

Presently before the court is Plaintiff's motion for a preliminary injunction and temporary restraining order, filed November 18, 2009. (Doc. No. 3). On January 5, 2010, the Honorable Victoria A. Roberts referred the motion to this court. (Doc. No. 17).

**II. Analysis**

In deciding whether a plaintiff is entitled to a preliminary injunction, the court uses a four-factor test:

(1) Whether plaintiff has a "strong" likelihood of success on the merits;

2

      (2) Whether the injunction will save the plaintiff from irreparable injury;
      (3) Whether the injunction will harm others;
      (4) Whether the public interest will be served by the injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir.1995). The four factors should be balanced, and no one factor is a prerequisite to the grant of a preliminary injunction. *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir.1992). In addition, the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). In order to survive a summary judgment motion, the movant need only show that a factual dispute exists; here, the movant must show that there is a strong likelihood that he will prevail on the merits of his case. *See id.*

      Plaintiff seeks a preliminary injunction to insure that "he is not retaliated and conspired against further." (Doc. No. 3, Pl.'s Mot. 2). Plaintiff states that he was retaliated and conspired against after complaining to the warden. *Id.* Plaintiff avers that he has been subjected to various punishments: major misconduct tickets, segregation, and the assignment of a higher security level. *Id.* Plaintiff further declares that his access to his legal property was limited while he was in segregation, prison officials failed to process his legal mail, and the grievances he has made have been denied or rejected. *Id.*

      Defendants argue that Plaintiff is not entitled to an injunction because he seeks injunctive relief for speculative future harm. (Doc. No. 10, Defs.' Resp. 6). Defendants also argue that balancing the four factors does not favor issuing an injunction. (*Id.* at 7). Defendants contend that Plaintiff has not shown that he is likely to succeed on the merits of his claims, that he will suffer irreparable harm, the injunction will do more harm than good, and the public interest is not served

by the issuance of an injunction. (*Id.* at 7-10).

Plaintiff seeks this injunction, in part, to prevent further retaliation for his exercise of his First Amendment rights. Plaintiff's complaint states that the retaliation began after he complained to the warden that ARUS Best refused to assign him to a different cell. (Pl.'s Mot. 4-6; Compl. p. 3(d)). Thus, Plaintiff must show that he is likely to prevail on his First Amendment retaliation claim in order for an injunction to issue. To prove a First Amendment retaliation claim, it must be established that:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999).

Plaintiff's comments to ARUS Best are unlikely to be considered protected conduct. During their meeting, after ARUS Best told Plaintiff he would have to wait to move bunks, Plaintiff stated, "You are so arrogant you white woman . . . you are going to have to make me move . . . fuck you and your white daughter." (Doc. No. 4, Ex. A p. 4). Plaintiff's comments to ARUS Best led to the issuance of three major misconduct charges, and Plaintiff was found guilty of disobeying a direct order and insolence. (*Id.* at 4-8). The threatening behavior charge was dismissed because Plaintiff's words were found to only alarm, not threaten. (*Id.* at 4-5). The Sixth Circuit held, in *Thaddeus-X*, that "if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one" of the three-step retaliation analysis. 175 F.3d at 394. Here, the hearing officer concluded that Plaintiff violated the MDOC policy directive on insolence, by insulting and demeaning ARUS Best. Because Plaintiff violated a legitimate prison regulation, he

4

was not engaged in protected conduct, and his retaliation claim cannot proceed past the first element of the three-step retaliation analysis. *See Thaddeus-X*, 175 F. 3d at 394. Accordingly, Plaintiff does not have a strong likelihood of prevailing on the merits of his case.

Plaintiff also claims that Defendants violated RLUIPA during Ramadan by limiting his access to hot water and a microwave. The threshold inquiry in a RLUIPA claims is whether the government's actions substantially burden the plaintiff's exercise of religion. *Dunlap v. Losey*, 40 F. App'x 41, 43 (6th Cir. 2002) ("RLUIPA ... requires the complainant to show that his religious exercise was substantially burdened."). Plaintiff has not shown, at this stage in the litigation, that his religious exercise was substantially burdened. A substantial burden is not established because the government's action makes the religious exercise more difficult or expensive. *See Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 733 (6th Cir. 2007). Here, Defendants alleged failure to accommodate Plaintiff's fasting requirements merely made Plaintiff's practice of religion more difficult. Further, once Plaintiff reported the problem, Deputy Warden Winn worked, within days, to remedy the issue. (Compl. Ex. Y, Deputy Warden Winn's Response). Thus, the burden on Plaintiff's practice of religion was *de minimis*, at best. Plaintiff has not shown a strong likelihood to prevail on his RLUIPA claim.

Plaintiff's First Amendment access to courts claim also does not have a strong likelihood of success. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). A plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353.

Plaintiff asserts that Defendants violated his right to access the court by failing to mail a legal brief to his attorney. Defendants response to Plaintiff's grievance on this issue states that the mail was accepted and mailed on May 22, 2009. (Compl. Ex. P, Prisoner/Parole Grievance). In addition, Plaintiff has not shown that he suffered an "actual injury," even if the legal brief was not mailed. Plaintiff did not allege that he missed a filing deadline or that his legal claim was otherwise hampered by the alleged failure to mail. Plaintiff also has not pled or shown that he was pursuing a nonfrivolous legal claim. For these reasons, Plaintiff is unlikely to prevail on his access to courts claim.

Lastly, Plaintiff seeks preliminary injunctive relief on his abuse of authority claim. To succeed on his substantive due process abuse of authority claim, Crump must show "conduct intended to injure in some way unjustifiable by any government interest and that is conscience-shocking in nature." *Mitchell v. McNeil*, 487 F.3d 374, 377 (6th Cir. 2007). Plaintiff states that fabricating misconduct charges against him, refusing to grant him access to his legal property or process his legal mail, transferring him to a higher security level based on the fabricated charges, and failing to accommodate his religious fasting all constitute abuse of authority. This court finds that it is unlikely that any of the conduct listed by Plaintiff will be found to be an abuse of authority. Even if these instances are true, and Plaintiff has provided documents that contradict his version of the facts, none of this conduct is particularly conscience-shocking in nature. *See Mitchell*, 487 F.3d at 377. The most serious charge, fabricating the misconduct charges, is undercut by the hearing record that Plaintiff provided to this court, in which the hearing officer found Plaintiff guilty of two of three misconduct charges. Thus, Plaintiff does not have a strong likelihood of prevailing on this claim

The second factor that must be analyzed in deciding whether to issue a preliminary injunction is whether Plaintiff will suffer irreparable harm. *See Sandison*, 64 F.3d at 1030. The incidents that form the basis of Plaintiff's complaint are discrete and in the past. Although Plaintiff argues in his reply brief that Defendant Beard attempted to assault him on November 1, 2009, the alleged attempted assault appears to have been accidental and not tied to the constitutional conspiracy Plaintiff alleges in his complaint. (Doc. No. 13, Pl.'s Reply Br. 2). Plaintiff has not shown that he is suffering from on-going harm due to a continuing constitutional violation. Rather, Plaintiff seeks injunctive relief for speculative future injuries. Plaintiff has not shown that he will suffer irreparable harm, and this factor should be balanced against granting injunctive relief.

Next, the court must consider whether the issuance of a preliminary injunction would harm others. *See Sandison*, 64 F.3d at 1030. Defendants argue that issuing a preliminary injunction in this case would greatly affect their ability to maintain order, discipline, and security at the prison. (Defs.' Resp. 9). The court agrees that issuing a preliminary injunction in this case would unnecessarily interfere with prison administration, particularly when Plaintiff has not shown that he is likely to prevail on the merits of his claims or that he is being subjected to on-going constitutional violations  This factor, also, weighs against the issuance of a preliminary injunction.

Lastly, the court must analyze whether the public interest will be served by the injunction. *See Sandison*, 64 F.3d at 1030. There does not appear to be any public interest that will be served by the issuance of an injunction in this case. Plaintiff is seeking redress for past constitutional violations with this preliminary injunction. A preliminary injunction is not the proper remedy for such claims. Further, issuing a preliminary injunction would not further the public's interest in promoting compliance with the constitution. It is unlikely that Plaintiff will prevail on his claims,

7

given the allegations in his complaint and the evidence he provided. Thus, it is not necessary to issue a preliminary injunction to prevent imminent constitutional violations. It does not appear that the *status quo* will change, even if a preliminary injunction is not issued. This factor, therefore, weighs against granting Plaintiff's motion for a preliminary injunction.

In balancing the four factors, the court concludes that a preliminary injunction should not be issued in this case. Plaintiff has chosen an improper remedy to redress alleged constitutional violations that occurred in the past, and do not appear to be on-going. Further, Plaintiff has not shown that he is likely to prevail on his claims, that he will suffer irreparable injury, or that the harm to others and the public interest weighs in favor of an injunction. Accordingly, the court recommends that Plaintiff's motion for a preliminary injunction be denied.

## IV. Conclusion

For the reasons discussed above, the Court should **DENY** Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order. (Doc. No. 3)**.**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any

objections is to be served upon this magistrate judge.

    Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                  S/Virginia M. Morgan  
                                  Virginia M. Morgan  
                                  United States Magistrate Judge

Dated: February 4, 2010

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on February 4, 2010.

                                          s/Jane Johnson  
                                          Case Manager to  
                                          Magistrate Judge Virginia M. Morgan